Filed 2/24/15  Kraus v. Grilli CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ROBERT KRAUS,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CARL J. GRILLI,<br><br>    Defendant and Appellant. | 2d Civil No. B256183<br><br>(Super. Ct. No. CV110500)<br><br>(San Luis Obispo County)<br><br>ORDER MODIFYING OPINION AND<br><br>DENYING REHEARING<br><br>No Change in Judgment |

THE COURT:

The opinion filed here on February 3, 2015, is modified as follows:

On page 4, line 12 after the heading *Trial Court's Ruling,* and after the word inches insert the following:

### *Discussion*

Appellant contends that the evidence is insufficient to support the trial court's finding that the Myoporum constitutes a  private nuisance.

There is no change in judgment.

The petition for rehearing is denied.

NOT FOR PUBLICATION

Filed 2/315 (unmodified version)
Appendix is not available electronically

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ROBERT KRAUS, | 2d Civil No. B256183 |
| Plaintiff and Respondent, | (Super. Ct. No. CV110500) |
| v. | (San Luis Obispo County) |
| CARL J. GRILLI, | |
| Defendant and Appellant. | |

This appeal concerns a dispute between neighbors over the height of a hedge that separates their backyards. Carl J. Grilli appeals from a judgment requiring him to either remove the hedge or trim it to a maximum height of six feet, six inches. We affirm.

*Background*

In 1972 appellant purchased a home in Morro Bay. In 1992 or 1993 he removed a row of eucalyptus trees in his backyard. "[T]o try and recoup [his] privacy as soon as [he] could," he replaced the eucalyptus trees with a row of five or six "fast-growing" Myoporum laetum shrubs (Myoporum). They were planted along the boundary between appellant's backyard and his neighbor's backyard. In 1998 respondent Robert Kraus purchased the adjacent property and resided there with his wife.

By the time of trial, the Myoporum had grown to a height of approximately 23 feet and a length of approximately 50 feet. The plants blocked sunlight and respondent's ocean views.

A recent photograph of the Myoporum is attached hereto as Appendix A. The photograph, which was taken from respondent's backyard, shows both the height of the plants and the extreme density of their foliage. The wood fence in the photograph was built on the boundary between the parties' backyards. Respondent testified that the Myoporum go "the whole distance of my back boundary, 50 feet." When respondent purchased his home in 1998, "[s]maller bushes were there . . . not looming like it is [now]."

An aerial view photograph of the parties' residences is attached hereto as Appendix B. Respondent's residence is at the top of the photograph on the right side. Appellant's residence is immediately below respondent's residence. The Myoporum are clearly visible between the backyards of the residences.

In 2008 respondent asked appellant to trim the Myoporum and offered to share the cost. Appellant refused. Respondent complained to the police that the plants' height violated section 17.48.100, subdivision (D)(3) of the Morro Bay Municipal Code, which provides: "Fences, walls, and hedges not exceeding six feet, six inches in height may occupy any side or rear yard area."

Morro Bay does not have a code enforcement officer. The police referred respondent's complaint to Brian Cowen, a building inspector. Cowen consulted with the Morro Bay City Attorney, Robert Schultz.[1] They determined that the Myoporum were trees and that "the code [section limiting the height of hedges] doesn't limit the height of trees." At trial Cowen acknowledged that the municipal code "doesn't contain a definition of a hedge." Cowen wrote a letter to respondent in which he stated: "The

---

[1] In his opening brief, appellant quotes from Schultz's declaration in support of appellant's motion for summary judgment. Appellant has not shown that this declaration was "admitted into evidence at trial. Accordingly, we cannot consider [it] on appeal." (*Conn v. Western Placer Unified School Dist.* (2010) 186 Cal.App.4th 1163, 1170, fn. 5.) Schultz's declaration is not included in the trial court's list of exhibits at pages 220-221 of the Clerk's Transcript.

Morro Bay Municipal Code does not limit the height of trees. . . . [¶] This is a Civil matter involving adjoining property owners. The City is not party to the conflict, nor does local ordinance offer you any protection in this matter."

In 2011 respondent filed the instant action against appellant. The operative pleading is the third amended complaint, which consists of three causes of action. The first and second causes of action sought abatement of a private nuisance. The third cause of action alleged that appellant had violated the municipal code section limiting the height of hedges. Respondent requested that appellant be compelled to either "remove the [Myoporum] or keep them trimmed to a height no greater than six feet, six inches (6'-6") pursuant to Municipal Code [section] 17.48.100(D)(3)."

At trial Carolyn Leach, respondent's arborist, testified that the Myoporum form "a hedge made up of large wooded shrubs." She distinguished a shrub from a tree: "A shrub is usually multi-stemmed. It starts off . . . at the ground and comes up with many . . . branches. . . . As [shrubs] mature, they become woody and can be fairly good size in diameter. But they are generally spreading and sprawling as opposed to a tree which would be something that has one or two or three main trunks that are upright. A shrub generally produces stems that are more sprawling and widespread." Leach continued: Appellant's Myoporum "were allowed to grow and sprawl across the surface of the ground or grow upright, however which way the plants decided to [grow] on their own. So they . . . were shrubs that were allowed to grow as large as possible and now they're quite tall . . . ." But appellant's arborist, Anthony Grillo, opined that the Myoporum are "a row of trees."

Leach defined a "hedge" as follows: "A hedge is a group of plants, usually dense foliaged plants that are planted close together . . . so that the upright portions intermingle to form a mass. And the mass serves as a barrier or a wall . . . , and it's used to define shape or delineate areas within a landscape." Leach observed that the Myoporum were planted five or six feet apart. "Since the mature size of the [M]yoporum is 30 feet tall

.3

and 30 feet wide, they were planted in order to form a . . . wall of foliage. And that is, in effect, a hedge."

During the trial, the court visited the parties' residences and viewed the Myoporum. The visit was pursuant to the parties' stipulation and was conducted in their presence.

*Trial Court's Ruling*

In its seven-page, well-written ruling, the trial court notes that it considered all of the evidence, including its observations of the Myoporum during the "site visit." The court concluded: "Plainly a 'hedge' can be comprised of trees, plants, or shrubs so long as it serves as a physical barrier between properties, and the Municipal Code draws no distinction between 'trees', 'plants,' or 'shrubs,' for purposes of its ordinance. Given its nature, size, location, and purpose, the Myoporum constitutes a hedge and fence within the meaning of the Morro Bay Municipal Code." The court determined that the hedge was a private nuisance and was in violation of the municipal code's height limit of six feet, six inches. The judgment orders the issuance of a "permanent mandatory injunction" requiring appellant, his wife, "or any other successive owner" of appellant's property to either remove the hedge in its entirety or remove "at least 5 feet of the mature canopy per year . . . to a maximum height not to exceed six feet, six inches." We need not consider this issue because the trial court did not err in granting relief on the alternative ground that the Myoporum are in violation of the municipal code's height limit for hedges.

Appellant asserts that respondent did not have standing to bring an action to enforce compliance with the height ordinance. Appellant argues: "This Court should reverse the trial court to discourage officious private citizens from using their neighbors to enforce local ordinances. If [as here] the ordinance is silent on standing, enforcement is best left to the city that created the ordinance and can best show meaningful restraint in resolving disputes as the City of Morro Bay did here." "If an ordinance should be

.4

privately enforced, that right should be conferred by the city that authorizes the ordinance, not seized by private citizens with the resources to hire lawyers."

Respondent had standing to enforce the ordinance. Government Code section 36900, subdivision (a), provides: "The violation of a city ordinance may be prosecuted by city authorities in the name of the people of the State of California, or redressed by civil action." This section "expressly permits violations of city ordinances to be 'redressed by civil action.' . . . [Appellant] refer[s] us to no state law that allows a city to abrogate the right of redress created in the Government Code. We decline to read into the Municipal Code an intent to create an impermissible conflict with state law by abrogating the right to a civil action created by the Government Code." (*Riley v. Hilton Hotels Corp.* (2002) 100 Cal.App.4th 599, 607.)

Appellant argues that the trial court should have deferred to the decision of the city attorney and building inspector that the Myoporum did not violate the ordinance: "The trial court ignored this administrative action by the City of Morro Bay and instead injected its own judgment in what can only be described as well intentioned, but legally frail social engineering, rejecting [appellant's] right to refuse to cut down his trees. [¶] . . . [Respondent] has no right to usurp the City of Morro Bay's role and the court's ruling here should be reversed accordingly."

The city attorney's and building inspector's opinion "is entitled to persuasive value at most." (*People v. Beaumont Inv., Ltd.* (2003) 111 Cal.App.4th 102, 118.) The opinion lacks persuasive value. Leach's testimony constitutes substantial evidence that the Myoporum are shrubs, not trees. In any event, we agree with the trial court that, as a matter of law, a hedge can be comprised of either trees or shrubs "so long as it serves as a physical barrier between properties." The dictionary definition of "hedge" is "a fence or boundary formed by a row of shrubs or *low trees* planted close together." (Webster's Third New Internat. Dict. (1981) p. 1048, italics added.) If the Myoporum were trees, they would be "low trees" since their height was approximately 23 feet.

.5

"The trial court here viewed the disputed [Myoporum], and its observations are evidence which may be used alone or with other evidence to support its findings. Since the court's observations were not reported and are not part of the record on appeal, we must presume that the evidence the court saw was sufficient to support its findings. [Citations.]" (*Hirshfield v. Schwartz* (2001) 91 Cal.App.4th 749, 762.) Moreover, the photographs in Appendices A and B show that the Myoporum constituted a hedge because they created a physical barrier between the parties' backyards.

Appellant maintains that the mandatory injunction is "too harsh a remedy" that "go[es] beyond the necessities of the case." But the injunction merely requires appellant to comply with the municipal code's height limit for hedges. The trial court exercised leniency in allowing appellant to remove only five feet of the hedge's canopy each year. The court could have required him to immediately trim the 23-foot-high hedge to the mandated six feet, six inches.

### Disposition

The judgment is affirmed. Respondent shall recover his costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.


.6

Charles S. Crandall, Judge

Superior Court County of San Luis Obispo

_____


Peter J. Van Zandt, for Appellant


Saro G. Rizzo, for Respondent.